IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BRETT BOONE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:25-cv-00449 |
| | ) Judge Trauger |
| **THE VIRAL PODCAST, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

Plaintiff Brett Boone, a Nashville resident proceeding pro se, filed a 3-page Complaint (with 129 pages of exhibits) asserting copyright infringement and other claims against the following defendants: The Viral Podcast; Chelcie Lynn Melton; Paige Ginn; Paragon Collective; Alex Aldea; Libsyn; Spotify; Apple Podcasts; YouTube/Google; and DraftKings. (Doc. No. 1.) The plaintiff also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

**I. APPLICATION TO PROCEED IFP**

The plaintiff's IFP application lists average monthly income of "$1,000+" from self-employment on social media, with a checking account balance of $400. (Doc. No. 2 at 1–2.) It does not list any other assets, but leaves blank the spaces for reporting home and motor vehicle ownership. (*Id.* at 3.) It lists two minor children and an ex-spouse as dependents. (*Id.*) As for expenses, the IFP application reports a $200 expense for monthly utilities and $100 for food, but no rent or mortgage payment, and no expenses for transportation, recreation, or anything else— the spaces for reporting all expenses except utilities and food (including insurance premiums, credit card payments, and support payments to listed dependents) were left blank. (*Id.* at 4.)

The court requires further information to determine whether payment of the $405 civil filing fee will pose an "undue hardship" for the plaintiff. *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). The blank spaces left on his IFP application do not explain his utility bills without owning or renting a home, or his report of minor dependents without support expenses. Indeed, blank spaces cannot explain anything; they are entirely non-responsive. As stated in the IFP form's instructions, the applicant must "[c]omplete all questions" and must "not leave any blanks: if the answer to a question is '0,' 'none,' or not applicable (N/A),' write that response." (Doc. No. 2 at 1.) An IFP application that is non-responsive to prompts for basic financial information is appropriately denied. *See Washington v. Berryhill*, No. 18-2385-SHM-TMP, 2018 WL 11260461, at *1 (W.D. Tenn. June 5, 2018) (denying IFP application because "plaintiff has not fully responded to the questions on the in forma pauperis application" by writing "N/A" in every field of the form and then stating that he is "staying with family and they pay all the bills"; "If plaintiff does not, for example, … pay for rent, food, or clothing, the response to such questions should be '0.' 'N/A' is a proper response to questions that do not apply to plaintiff: for example, if he does not have a bank account, children, or owe child support.").

Accordingly, the IFP application (Doc. No. 2) is **DENIED WITHOUT PREJUDICE** to refiling, if necessary, on a second form to be provided by the Clerk.

## II. THE COMPLAINT

If the plaintiff cannot pay the filing fee and is ultimately granted leave to proceed IFP, the court will have to conduct an initial review under the pauper statute, 28 U.S.C. § 1915(e)(2)(B), and dismiss the lawsuit if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening

requirements of § 1915(e)."). At this point, the court has preliminarily reviewed the Complaint and finds that it too fails to provide sufficient factual information. After listing 10 defendants in its caption, including "individuals, media companies, distribution platforms, and commercial sponsors," the Complaint does not further delineate amongst them but says that they "all profit[ed] from Plaintiff's works" and "monetized [his] intellectual property without compensation." (Doc. No. 1 at 1–2.) The Complaint claims that three of the plaintiff's songs and "unreleased soundbites" were unlawfully used; that infringing content was knowingly distributed by "Defendants" and negligently distributed by "Platforms" after "formal takedown notices [were] submitted and acknowledged"; that the plaintiff's likeness was exploited without consent; and that "[v]erbal promises of compensation for labor and contribution were ignored" (*id.* at 2)—but it does not specify who or which among the defendants is responsible for the alleged unlawful conduct, or the particulars of any claimed violation. Only in the voluminous attachments to the Complaint does the plaintiff include information, in the form of typewritten summaries, concerning (1) a "formal counter-notification" he submitted to YouTube prior to filing this action (*id.* at 6), (2) information about his copyright registrations (*id.* at 7–8), (3) "screenshot" documentation of distribution despite prior takedown notices (*id.* at 9–10), (4) a reproduction of a demand letter sent to YouTube Support five days before this lawsuit was filed (*id.* at 11–15), (5) a summary of each platform's ongoing use of the plaintiff's works, with "screenshot evidence" (*id.* at 16–24), (6) a timeline of the events giving rise to this lawsuit (*id.* at 25–26), and (7) roughly a hundred pages of proposed evidentiary exhibits. (*Id.* at 27–132). The plaintiff subsequently filed (but did not sign) a "Supplemental Statement of Claims and Evidence" (Doc. No. 15) and a "Supplemental Notice of New Copyright Registration and Update on Continued YouTube Infringement" (Doc. No. 17).

      The rules governing pleading in federal court require that a complaint contain only "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But that short and plain statement must be supported by "sufficient factual matter, accepted as true," to make the claimed right to relief not just possible, but plausible. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). This standard does not require *detailed* factual allegations, but it does require "more than labels[,] conclusions, [or] a formulaic recitation" of the elements of a cause of action. *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint's factual allegations must be "sufficient to give notice to the defendant as to what claims are alleged," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), and to enable the Court to determine the viability of those claims.

Here, the 3-page Complaint is devoid of factual material which would enable the Court to analyze its viability under the standards discussed above. It contains no information about where the defendants reside or what role each played in the alleged infringement of the plaintiff's copyright and other legal interests or the breach of promises to compensate him. Though various relevant facts are referenced in the 20 attached exhibits comprising 129 pages, culling those references from the other evidential material and treating them as factual allegations for purposes of reviewing the Complaint would be a bridge too far. *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (finding that "Rule 8 proscribes [] obfuscation of the plaintiff's claims," and that "[t]he district court and defendants should not have to 'fish a gold coin from a bucket of mud' to identify the allegations really at issue") (quoting *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)); *Windsor v. Colorado Dep't of Corr.*, 9 F. App'x 967, 968 (10th Cir. 2001) (affirming district court finding that "[n]either the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief"). Although the court acknowledges that the plaintiff is

4

proceeding pro se, that does not excuse him from complying with the Federal Rules of Civil Procedure or other applicable rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

The plaintiff must file an Amended Complaint that is compliant with the requirements of Rule 8 and "allow[s] the court to draw the reasonable inference that [each] defendant is liable for the misconduct alleged." *Kensu*, 5 F.4th at 650 (quoting *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012)). The Amended Complaint should also incorporate pertinent allegations and claims advanced in what the plaintiff previously filed as supplemental pleadings. (Doc. Nos. 15, 17.) Where appropriate, the Amended Complaint may refer to specific facts in attached documents, but the plaintiff is advised that he may not plead his case by vaguely asserting claims to relief in the Amended Complaint and relying on entire exhibits to supply facts not particularly referred to in the principal pleading. A statement in a document attached to a pleading may be incorporated by reference in the principal pleading, *see* Fed. R. Civ. P. 10(c), but "failure to specifically identify which portions of the . . . exhibit[] [the plaintiff] intends to incorporate by reference into the Amended Complaint makes it impossible for the Court or the defendants to ascertain the nature and extent of the incorporation, and the purported incorporation is therefore invalid." *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 462 (E.D.N.Y. 2007).

### III. FURTHER PROCEEDINGS

The Clerk **SHALL** send the plaintiff an IFP application form (Form AO 239) and a form for filing a civil complaint (Pro Se Form 1).

Within **30 DAYS** of the entry of this order, the plaintiff **MUST** either pay the $405 filing fee <u>or</u> use the provided form to re-apply for IFP status, being careful to provide responsive

information in all fields of the form. Also within **30 DAYS**, the plaintiff **MUST** use the form provided (and any pages he deems necessary to add) to file an Amended Complaint as described above.

With the case awaiting the filing of an Amended Complaint, the pending Motion to Dismiss the original Complaint by Defendants Chelcie Lynn Melton and Paige Ginn (Doc. No. 7) is **DENIED WITHOUT PREJUDICE**.

Finally, the plaintiff's Motion for Electronic Filing Privileges (Doc. No. 10) is **GRANTED**. The plaintiff should contact the court's CM/ECF Help Desk for assistance with initial registration and filing resources. The Help Desk number is 615-695-2888.

The plaintiff is advised that, even though he is proceeding pro se, he must comply with the Local Rules of Court and all applicable Federal Rules. If the plaintiff fails to follow the Local Rules of Court and the Federal Rules when filing using the Court's CM/ECF system, the court may summarily deny the plaintiff's request, motion, etc. for failure to comply with the relevant rule. The plaintiff is further advised that the court may withdraw the privilege of utilizing the court's electronic case filing system if the plaintiff abuses that privilege by filing unnecessary, frivolous, and/or vexatious motions.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge