BRETT BOONE,                                    )
                                                )
    Plaintiff,                )
                                                )
v.                                              )    Civil No.  3:25-cv-449
                                                )    Judge Trauger
THE VIRAL PODCAST, ET AL.,                      )
                                                )
    Defendants.               )

## ORDER

A hearing was held in this procedurally irregular case[1] on February 6, 2026 on the defendant's request to convert a Temporary Restraining Order issued on January 5, 2026 to a Preliminary Injunction.  The court heard live testimony from the *pro se* plaintiff and two of the individually-named defendants, Chelcie Lynn Melton and Paige Ginn, and viewed exhibits demonstrating that the plaintiff is attempting to raise money on Instagram using this lawsuit.

A threshold issue in this case is whether the plaintiff filed this lawsuit outside of the 3-year statute of limitations set out in 17 U.S.C. § 507(b).  Although the court instructed the plaintiff to address that issue in a brief to be filed by January 20, 2026 (Doc. No. 27), the plaintiff neither filed the brief in a timely manner nor addressed the statute of limitations in the brief that he did file, after prompting by the court, on February 4, 2026 (Doc. No. 40).  Testimony at the hearing by the plaintiff

---

[1] Although this case was filed on April 21, 2025, at the time that several of *the defendants* moved for a temporary restraining order against the plaintiff on December 30, 2025 (Doc. No. 22),  the plaintiff's request to file the case IFP had been denied (Doc. No. 18), and he had not yet paid the filing fee.  Nor had *any* defendants been served with process.  Indeed, the plaintiff did not pay the filing fee until the morning of the February 6, 2026 hearing. (Doc. No. 41).

established that he knew of the alleged copyright infringement when the works alleged in the original Complaint[2] were created and that he waited more than 3 years before filing this case. Based upon that testimony, defendants The Viral Podcast, Chelsie Lynn Melton and Paige Ginn orally moved to dismiss the case toward the conclusion of the hearing.

For these reasons, as well as the reasons articulated at the close of the hearing, which are incorporated herein as if set forth verbatim, this case is DISMISSED. For purposes of the record, the defendants are hereby ORDERED to file with the court copies of the Instagram videos shown at the hearing and received as exhibits.

The Clerk shall enter judgment in accordance with Rule 58, Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

_____
ALETA A. TRAUGER
U.S. DISTRICT JUDGE

---

[2]The "Lean Forward" work may have been created in the summer of 2022, and the infringement, therefore, might have escaped dismissal under the statute of limitations. However, as defense counsel pointed out at the hearing, the Amended Complaint filed by the plaintiff on January 20, 2026 (Doc. No. 37) nowhere alleges the violation of copyright with regard to **ANY** particular works. Therefore, the entire case is subject to dismissal on that basis as well.